**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEAN-PIERRE RONET,**
               **Plaintiff,**

**-vs-**                                                      **Case No. 6:08-cv-1748-Orl-31KRS**

**CLERK OF THE THIRTEENTH**
**JUDICIAL CIRCUIT COURT IN AND**
**FOR HILLSBOROUGH COUNTY,**
               **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **October 9, 2008** |

**I.    PROCEDURAL HISTORY.**

Plaintiff Jean-Pierre Ronet,[1] proceeding *pro se*, filed the instant action pursuant to 28 U.S.C. § 1983 seeking $1.45 billion dollars in compensatory damages and $4.36 billion dollars in punitive damages against the Clerk of Court for the Thirteenth Judicial Circuit in Hillsborough County ("Hillsborough County Clerk"). Ronet alleges that his constitutional rights under the First, Sixth, and other Amendments of the United States Constitution were violated when the Hillsborough County

---

[1] Ronet is also known as Alan Dennis Peterson in his state court filings. In the past, he has filed petitions to legally change his name to Jean-Pierre Ronet, or similar variants. *E.g.*, *In re Alan Dennis Peterson*, No. 92-DR-005162 (Hillsborough Cty. Cir. Ct. Mar. 18, 1993)(denying name change to Pierre Anthony Ronet).

Clerk unlawfully refused to docket lawsuits he filed in 2005 and 2006, and ignored his inquiries concerning these suits. He has now filed his initial complaint and a motion to proceed *in forma pauperis*. Doc. Nos. 1-2.[2]

## II.    STANDARD OF REVIEW.

Under 28 U.S.C. § 1915(e), the Court is required to consider whether a complaint filed *in forma pauperis* is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07. Unlike a dismissal for failure to state a claim, the Court may consider matters certain matters outside the pleadings when considering whether a complaint should be dismissed as frivolous or malicious under § 1915. *See, e.g., Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976)(observing, albeit in dicta, that the Court could consider its own records and other public records to determine whether a complaint of denial of access to the courts was factually supported) *see also Sun v. Forester*, 939 F.2d 924, 925 (11th Cir. 1991)(stating that the court's authority to dismiss a complaint as frivolous under § 1915 is broader than dismissal under Fed. R. Civ. P. 12).

## III.    ANALYSIS.

An examination of Ronet's filings with the Circuit Court in Hillsborough County appears to reflect that the Hillsborough County Clerk did docket most of the filings Ronet refers to in the instant complaint. Ronet alleges that on "October 17, 2005, [Ronet], while incarserated [sic] at Mayo Correctional Institution, sent by inmate U.S. Mail, a Civil Complaint against: State of Florida; Harry

---

[2]As Ronet is a resident of Tampa, and the Hillsborough County Clerk's office is located in the Tampa Division of this Court, this action should have been filed in the Tampa Division. M.D. Fla. Local R. 1.02(b)(4). Therefore, should the Court permit Ronet to amend his complaint, the case should be transferred to the Tampa Division.

Lee Coe III, State Attorney; and John R. Cummings, Assistant State Attorney of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, seeking monetary damages and injunctive relief." Doc. No. 1 at 3. Ronet claims the Hillsborough County Clerk mishandled or ignored this civil complaint. *Id.* at 5-6.

However, an examination of the Hillsborough County Circuit Court's public records, Hillsborough Cty. Clerk's Court Progress Dockets, http://publicrecord.hillsclerk.com/ (search "Peterson, Alan" or "Ronet, Jean-Pierre")(last visited Oct. 10, 2008), reveals that a complaint by Ronet against these parties was docketed on November 11, 2005, and later dismissed. *Peterson v. Florida et al.*, No. 05-CA-010294 (Hillsborough Cty. Cir. Ct. Apr. 25, 2007)(dismissing case for lack of prosecution). The court records show that court mailings to Ronet were returned by the post office as undeliverable, likely explaining why Ronet claims not to have received any correspondence from the Hillsborough County Clerk. *See id.* (entries of Feb. 23, 2007, and May 7, 2007).

Ronet also alleges he sent a letter to the Florida State Supreme Court in October 2006 seeking "intervention in getting the May 31, 2006, Civil Complaint filed." Doc. No. 1 at 4. An examination of the Hillsborough County Circuit Court's public records, Hillsborough Cty. Clerk's Court Progress Dockets, http://publicrecord.hillsclerk.com/ (search "Peterson, Alan" or "Ronet, Jean-Pierre")(last visited Oct. 10, 2008), reveals Ronet's October 2006 letter was received and docketed in his then-current criminal case. *See Florida v. Peterson*, No. 06-CF-013712 (Hillsborough Cty. Cir. Ct. Oct. 13, 2006)(releasing Peterson after entry of nolle prosequi). The court records show several of Ronet's mailings to and motions before the court were entered, including his October 2006 letter. *See id.* (entries of Aug. 24, 2006, Aug. 30, 2006, Sept. 11, 2006, Sept. 14, 2006, Sept. 26, 2006, Oct. 13, 2006, Oct. 17, 2006).

The only allegations of a filing that is not reflected in the online dockets of the Hillsborough Conty Clerk of Court is the following: "[On] May 31, 2006, [Ronet] . . . sent by U.S. Mail a Civil Complaint to Clerk, Thirteenth Judicial Circuit Court . . . against the following named defendants: State of Florida; Bill James-State Attorney; John R. Cummings-Assistant State Attorney; Jeb Bush-Governor of Florida, Katherine Harris-Secretary of State; John F. Rudy II-State Attorney; A. Wayne Chalu-Assistant State Attorney; William C. Crawford-Department of Corrections Probation Supervisor; Gail Stafford-Department of Corrections Probation Specialist; and the Second District of Florida, seeking monetary damages, injunctive relief and criminal charges." Doc. No. 1, at 4. Ronet claims the Hillsborough County Clerk mishandled or ignored this civil complaint. *Id.* at 5-6.

In light of the foregoing facts, Ronet's complaint that the Hillsborough County Clerk mishandled his complaints lacks any "arguable merit" with respect to all of the allegations except the May 31, 2006 complaint. *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). Accordingly, it is appropriate to dismiss the complaint without prejudice and give Ronet leave to file an amended complaint regarding solely the May 6, 2006 complaint that he allegedly mailed to the Hillsborough County Clerk of Court. As noted in footnote 2 *supra*, the case should be transferred to the Tampa Division of the Court for further proceedings. Ronet should be permitted to renew his request to proceed in forma pauperis at the time he files an amended complaint.

## IV. RECOMMENDATION.

For the reasons set forth herein, I respectfully recommend that the Court do the following:

1. **DISMISS** the complaint without prejudice;

2. **DENY** without prejudice Ronet's motion to proceed in forma pauperis, Doc. No. 2;

3. **GRANT** Ronet eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint and renewed motion to proceed in forma pauperis; and,

4. if an amended complaint is timely filed, **DIRECT** the Clerk of Court to transfer the case to the Tampa Division for further proceedings.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE